United States District Court
Southern District of Texas
**ENTERED**
April 12, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHERISE MORGAN, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:21-cv-03113 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| TEXAS A&M UNIVERSITY, | § | |
| Defendant. | § | |

OPINION AND ORDER
GRANTING MOTION TO DISMISS

Pending is a motion by Texas A&M University to dismiss all claims against it by Plaintiff Cherise Morgan. Dkt 18.

Morgan is a former employee of TAMU. She alleges that TAMU discriminated against her on the basis of her race, gender and age. Morgan filed a charge with the EEOC on January 15, 2020. Dkt 1 at ¶ 15; see also Dkt 6-1. And she contends that she was terminated in retaliation for filing that charge on March 2, 2020. Id at ¶ 19. She again contacted the EEOC and received notice of a right to sue on June 29, 2020. Id at ¶¶ 20–21. Morgan initiated this lawsuit to assert Title VII claims of discrimination and retaliation on September 24, 2021. Id at ¶¶ 22–35.

But Morgan didn't file her lawsuit against her former employer. She instead initiated suit against Texas A&M University System, a wholly separate entity. See Dkt 3; see also Dkt 18 at 1. As such, TAMUS moved to dismiss all claims, asserting that it wasn't a proper Defendant. See Dkt 6.

It was terminated from this action on October 29, 2021. Morgan amended her complaint on October 29, 2021, substituting TAMU for TAMUS. Dkt 8. Forty-seven days later Morgan attempted to serve TAMU on December 16, 2021. But she instead again served TAMUS. See Dkts 10 & 11.

Morgan was ordered to properly serve TAMU on January 12, 2022. Dkt 14; see also Dkt 16. She didn't. She was then ordered to show cause as to why this matter shouldn't be dismissed for want of prosecution and failure to comply with this Court's orders on February 25, 2022. Dkt 22. Morgan and TAMU responded. Dkt 24.

TAMU contends that Morgan has failed multiple times to serve a proper Defendant in this matter. It also contends that more than 94 days have passed since she received notice of a right to sue, meaning that the limitations period has run as to her Title VII claims. TAMU on this basis moves to dismiss with prejudice all claims against it by Morgan. Dkt 18.

Federal Rule of Civil Procedure 4(m) states in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Rule 4(m) employs mandatory language regarding the referenced 90-day period. Substantially more time than that has passed. Morgan fails to show good cause for her recalcitrance and lack of diligence as to service on TAMU as required by Rule 4(m). Indeed, even now, she still hasn't served TAMU. This means that over 85 days have passed since she was ordered to make proper service. See Dkt 14. And that order itself issued 110 days after Morgan

2

initiated this lawsuit. Dismissal without prejudice is appropriate.

The motion to dismiss by Defendant Texas A&M University is GRANTED, with modification to be dismissal without prejudice. Dkt 18.

This action is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

Signed on April 12, 2022, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge